UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THEODORE GOGOS,

                              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

Case # 18-CV-1188-FPG

DECISION AND ORDER

## INTRODUCTION

Plaintiff Theodore Gogos brings this action pursuant to the Social Security Act seeking review of the denial of his Supplemental Security Income ("SSI") application. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 14, 16. For the reasons that follow, the Commissioner's motion is GRANTED and Gogos's motion is DENIED.

## BACKGROUND

On June 26, 2014, Gogos protectively filed an application for SSI alleging disability based on bipolar disorder, attention deficit and hyperactivity disorder ("ADHD"), and depression. Tr. 170-79, 228. On June 7, 2017, Gogos and a vocational expert ("VE") testified at a hearing before Administrative Law Judge Timothy M. McGuan ("the ALJ"). Tr. 42. On July 31, 2017, the ALJ issued an unfavorable decision. Tr. 12. On September 5, 2017, the Appeals Council denied Gogos's request for review. Tr. 1. This action seeks review of the Commissioner's final decision. ECF No. 1.

1

# LEGAL STANDARD

## I. District Court Review

When a court reviews a final decision of the SSA, it does not "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the

"Listings"). *Id*. § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id.* § 416.909. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 416.920(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id*. § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

**I.      The ALJ's Decision**

At step one, the ALJ explained that Gogos had worked full-time for approximately nine months after he applied for SSI, but that to determine whether he received any subsidies that reduced his income below substantial gainful activity levels, the record would need to be further developed. Tr. 18. Thus, the ALJ gave Gogos "the benefit of the doubt" and found that he had not engaged in substantial gainful activity since the application date. Tr. 18. At step two, the ALJ found that Gogos had several severe mental impairments, including bipolar disorder, ADHD, polysubstance abuse/dependence, and a learning disorder. Tr. 18. At step three, the ALJ found

that none of Gogos's impairments met or medically equaled the criteria of any Listings impairment and determined Gogos's RFC. Tr. 19-27. At step four, the ALJ noted that Gogos has no past relevant work, and at step five, he found that Gogos can adjust to other work that exists in significant numbers in the national economy. Tr. 27-28. Accordingly, the ALJ found Gogos not disabled. Tr. 28.

## II. Analysis

Gogos argues that remand is required because (1) the ALJ failed to articulate the weight he gave to the opinion of Marlene Martin, a vocational rehabilitation counselor; (2) Martin's opinion is supported by substantial evidence and therefore conflicts with the ALJ's RFC; and (3) the ALJ's RFC failed to incorporate limitations included in the medical opinions on which the ALJ relied. The Court rejects these arguments.

First, "[a]n ALJ's failure to explicitly afford an opinion weight does not constitute error if the ALJ's weight determination can be inferred from the decision." *Goettel v. Comm'r of Soc. Sec.*, No. 1:18-CV-1285 (WBC), 2019 U.S. Dist. LEXIS 197768, at *9 (W.D.N.Y. Nov. 14, 2019); *see also Withus v. Saul*, No. 18-CV-10923 (VSB) (JLC), 2019 U.S. Dist. LEXIS 218537, at *42 (S.D.N.Y. Dec. 19, 2019) (holding that "when an ALJ fails to assign precise weight to an opinion, the error may be harmless when a specific delineation of weight would not change the outcome" or when the "record includes a robust discussion of the opinion . . . that allows the reader to infer the weight an ALJ has given" to it).

Here, the ALJ's decision includes a detailed analysis of Martin's opinion from which the reader can infer that he assigned it little to no weight. The ALJ summarized her notes and opinion and explained that he discounted it because it was not from a treating medical source and was inconsistent with other record evidence including Gogos's past job performance, test results,

4

medical evidence, and Gogos's activities. Tr. 25. This satisfied the ALJ's obligation to evaluate Martin's opinion and explain his reasons for discounting it. *See Sims v. Comm'r of Soc. Sec.*, No. 16-CV-435-LJV-MJR, 2018 U.S. Dist. LEXIS 70645, at *20-21 (W.D.N.Y. Mar. 30, 2018) (holding that a vocational rehabilitation counselor is a "nonmedical source" whose opinion the ALJ must evaluate, and that the ALJ generally should explain the weight given to these opinions or otherwise discuss them so that a reader can follow the ALJ's reasoning).

Gogos's second argument—that Martin's opinion is supported by substantial evidence and therefore conflicts with the ALJ's RFC—misunderstands this Court's standard of review. It is the ALJ's job to resolve conflicting record evidence and the Court must defer to that resolution. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve."); *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (when the court reviews a denial of disability benefits it must "defer to the Commissioner's resolution of conflicting evidence"). The Court is not concerned with whether substantial evidence supports the claimant's position; rather, the Court must decide whether substantial evidence supports the ALJ's decision. *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order). Gogos does not demonstrate that the ALJ's RFC determination is not supported by substantial evidence. Thus, this argument fails.

Finally, Gogos argues that the ALJ's RFC determination omitted limitations that were included in the medical opinions on which the ALJ relied. Specifically, the ALJ relied on the opinions of Gregory Fabiano, Ph.D., and Janine Ippolito, Psy.D, both consultative psychologists, who found limitations on Gogos's ability to relate to others and deal with stress. Gogos argues that the ALJ failed to account for these limitations when he limited Gogos's ability to deal with the public but not his coworkers or supervisors.

The Court disagrees. The ALJ expressly considered these medical opinions and accommodated them by finding that Gogos could perform simple, unskilled work; occasionally understand, remember, and carry out complex and detailed tasks; and occasionally interact with the public. Tr. 22. The RFC determination does not have to "perfectly correspond" with the medical source opinions cited in the ALJ's decision; rather, the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citation omitted) (summary order). Here, the ALJ cited an abundance of evidence to support his RFC finding. For example, he noted that while some evidence did indicate that Gogos struggled socially, Gogos also admitted to socializing with friends daily, playing on sports teams, and dining out with friends and family. Tr. 20. While Gogos testified that he had been fired from a previous job for yelling at his employer, reports from that employer did not indicate any behavioral problems. *Id.* The Court finds that the ALJ's RFC sufficiently corresponds to the medical opinions and is supported by the record evidence.

Accordingly, the Court finds that remand is not required.

## CONCLUSION

For the reasons stated, Gogos's Motion for Judgment on the Pleadings (ECF No. 14) is DENIED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 16) is GRANTED, and Gogos's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: January 10, 2020
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court